## Commonwealth *v.* Hand, Appellant.

*Liquor laws—Selling without license—Husband and wife—Answer to points—Charge.*

1. On the trial of an indictment against a husband and wife for selling liquor without a license the trial judge cannot be convicted of reversible error in refusing to submit to the jury the question whether the wife had acted under the compulsion of her husband, where the agent of a brewing company testified, without contradiction, that he had been delivering beer to the establishment conducted by the defendants for about five years, that eighty-seven dozen bottles of beer were below the average monthly delivery, that the wife always ordered the beer, and always paid for it after having it charged to her on the books of the company.

2. While a party is entitled to a clear statement of the law in answer to every point properly drawn that is material and applicable to the case, and warranted by the facts and the evidence, if not fully covered in the general charge, yet, when the facts to which the points relate are free from dispute and the subject-matter of the point is fully and adequately covered in the general charge, the omission to read and answer the points does the defendant no injury.

Argued Dec. 4, 1914. Appeal, No. 22, March T., 1915, by defendant, from judgment of Q. S. Lackawanna Co., Oct. Sessions, 1914, No. 484, on verdict of guilty in case of Commonwealth v. Edward Hand and Rose Hand. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Indictment for selling liquor without a license. Before EDWARDS, P. J.

At the trial counsel for Mrs. Hand presented the following points:

1. If the jury believe that Edward Hand was in or about the house on May 30, 1914, when the selling in this case was done, and did direct the defendant to sell, they should acquit Rose Hand.

2. The presumption in this case is that the wife acted under compulsion of her husband.

3. The burden of proof that the wife was not acting under coercion of her husband is upon the commonwealth.

4. If the jury have a reasonable doubt as to whether Rose Hand acted (in selling liquor on May 30, 1914) under conpulsion of her husband, they should acquit her.

The Court: And now, October 15, 1914, we refuse to charge as requested, because the points were presented too late and not submitted to counsel for the commonwealth, as required by the rule of court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1–4) refusal of points as above.

*Clarence Balentine*, for appellant.—Where a criminal act is committed by a married woman in her husband's presence, she is generally presumed to be acting under his influence or coercion: Com. v. Conrad, 28 Legal Int. 310; Com. v. Dwyer, 29 Pa. C. C. Rep. 73.

The charge was inadequate: Stuart v. Line, 11 Pa. Superior Ct. 345; Hayes v. Penna. R. R. Co., 195 Pa. 184; Tietz v. Philadelphia Traction Co., 169 Pa. 516; Hudson v. Watson, 2 Pa. Superior Ct. 422.

*George W. Maxey*, district attorney, with him *Robert E. Scragg*, assistant district attorney, for appellee.—A

point which assumes facts of which there is no proof, or one which the evidence is wholly insufficient to sustain, is properly refused.  See Karl v. Juniata County, 206 Pa. 633; and Funk v. Holahan, 13 Pa. Dist. Rep. 38; Com. v. Buccieri, 153 Pa. 535.

The error, if any, was harmless: Ide v. Lake Twp., 191 Pa. 182.

OPINION BY ORLADY, J., February 24, 1915:

A single count indictment charged Edward Hand, and Rose Hand, his wife, with selling liquor without a license; to which the defendants pleaded not guilty.  The counsel of the wife requested the trial judge to charge that as the husband was in and about the house at the time the sales were made, the presumption was that the wife acted under compulsion of her husband, and that the burden of proof that she was so acting, was upon the commonwealth, and the fact that she was acting independent of the husband's will must be established beyond a reasonable doubt, in order to warrant a verdict of guilty.  The several points were refused without being read to the jury, and the wife and husband were convicted.  The assignments of error raise only the question of the refusal of the court to affirm the defendants' points.  Ordinarily, the question raised by the points would be a very important legal proposition which should be carefully considered by the trial judge, but in the light of the uncontradicted facts in this case, they were immaterial.  The agent of a brewing company testified that he had been delivering beer to the establishment conducted by the defendants for about five years, and that eighty-seven dozen bottles of beer was below the average monthly delivery.  That Mrs. Hand always ordered the beer, and always paid for it after having it charged to her on the books of the company. No answer that the court could make to the points as submitted would have had any appreciable effect in changing this verdict.  It would have been more orderly

practice to have read the points as presented by counsel and submitted the facts to the jury under proper instructions. In Ide v. Lake Township, 191 Pa. 182, it was held that a new trial will not be granted for alleged error which did no wrong to the parties complaining. While a party is entitled to a clear statement of the law in answer to every point properly drawn that is material and applicable to the case and warranted by the facts and the evidence, if not fully covered in the general charge, Shoemacker Piano Manufacturing Co. v. Dauntless Club, 30 Pa. Superior Co. 162, yet, when the facts to which the points relate are free from dispute, and the subject-matter of the point is fully and adequately covered in the general charge, the omission to read and answer the points does the defendant no injury. While in this case there might be technical error in the refusal of the court to make formal answer to the points, it would profit the defendants nothing to grant a new trial for that reason. There was no evidence upon which to predicate a reasonable doubt but that Rose Hand was acting of her own initiative and not under her husband's compulsion, or even direction. The testimony shows that all this unlawful business was conducted by her at the home of the defendants, and another trial would but add cost and expenses to either the defendants or to the county, and no good would result therefrom.

The judgment is affirmed.