## Commonwealth v. Esper, Appellant.

*Husband and wife—Partners in business—Conviction of wife.*

Where a husband and wife are indicted for selling liquor without a license and the testimony shows that the wife was actually engaged in business with her husband; that the sales were frequent and that each of them participated in the sale of the prohibited article from time to time, and there is nothing in the testimony to indicate that any compulsion or coercion was exercised on the part of the husband, a verdict of guilty against the wife will be sustained.

Argued October 11, 1920. Appeal, Nos. 72 and 78, April T., 1921, by defendants, from judgment of Q. S. Fayette County, June Sessions, 1920, No. 96, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Mike Esper and Marchie Esper. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

388, (1921).] Statement of Facts—Opinion of the Court.

Indictment for selling liquor without a license. Before REPPERT, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were various rulings on evidence, refusal to quash the indictment and refusal of defendants' point that there can be no conviction of the wife for the act committed in the presence of her husband.

*A. E. Jones,* for appellants.

*William A. Miller,* District Attorney, for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The defendant was indicted for selling liquor without license. Two defenses were presented: First, that the Act of May 13, 1887, under which the indictment was drawn was abrogated by the eighteenth amendment to the Constitution of the United States; secondly, that there is a presumption that the act of the defendant was done under compulsion of her husband. The first subject was considered in the case of Com. v. Tony Vigliotti, 75 Pa. Superior Ct. 366. The conclusion there was contrary to the contention of the appellant. For the reasons in that case stated, the first, second, third, fifth and seventh assignments are overruled.

The fourth assignment challenges the answer of the court to the defendant's second point which is that there can be no conviction of the wife, the act of the selling being in the presence of her husband and the charge against her being a misdemeanor. No evidence was offered for the defense. The court could not properly have affirmed the point as stated. There is only a presumption that the wife acted under coercion of her husband

where the offense charged was committed in his presence, and this is rebuttable. The testimony shows the defendant was actively engaged in business with her husband; that sales were frequent and that each of them participated in the sale of Jamaica ginger from time to time. There is nothing in the testimony to indicate that any compulsion or coercion was exercised, but an entirely contrary state of facts could well have been arrived at by the jury. The evidence leaves little doubt that the sale of liquor under the name of Jamaica ginger was a regular part of the business of the defendant and her husband. The answer of the court was unobjectionable under the evidence: Com. v. Hand, 59 Pa. Superior Ct. 286. The assignments are overruled and the judgment affirmed, and the record remitted to the court below. And it is ordered that the defendant appear in that court at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.